No. 567.

## SMITH ET AL. *v.* EIGERMAN.

CONVEYANCE.—*Covenants Against Encumbrance Suffered by Grantors.—Not Applicable to Lien for Taxes.*—Where a covenant in a deed limited the liability of the grantors to encumbrances which resulted from acts of theirs or things suffered by them, taxes which were a lien upon the realty at the date of the conveyance, though not payable until later, do not constitute an encumbrance within the scope of that covenant. An encumbrance upon property, suffered by the grantor, means one within his power and duty to have avoided. " Suffer " in that connection, implies responsible control, and it can not be held to apply to a thing not caused by the act of the party nor within his power to prevent, nor to a lien which he is under no personal obligation to discharge.

From the Starke Circuit Court.

*J. W. Nichols,* for appellants.

*G. W. Beeman, H. A. Steis* and *M. M. Hathaway,* for appellee.

CRUMPACKER, J.—This action was brought by Fredericka Eigerman against Smith and wife for the breach of a special covenant against encumbrances contained in a deed of conveyance. The deed was executed on the 11th day of September, 1890, and contains the following covenant : " The said Edwin K. Smith, party of the first part, for himself, his heirs, executors and administrators, doth covenant, promise and agree to and with the said party of the second part, her heirs and assigns, that he has not done or suffered to be done anything whereby the said premises hereby granted are or may be in any manner encumbered or charged." There was no general covenant in the deed upon the subject of encumbrances. It is averred in the complaint that the taxes for the year 1890, amounting to $180, constituted an encumbrance upon the land at the time of the conveyance, and plaintiff had been compelled to pay the same to protect her title. The plaintiff had judgment below, and the defend-

ants appeal and assign for error that the complaint does not state facts sufficient to constitute a cause of action.

Under the revenue laws of this State taxes become a lien upon real estate upon the first day of April, although they are not payable until the first day of the following January, so it is manifest at the time the deed in this case was executed, there was a valid and subsisting lien upon the property. Taxes upon real estate constitute a personal liability against the person owning it at the time they accrued, but a subsequent purchaser is not personally liable for taxes which stood against the property at the time of his purchase, although they continue to be a lien upon the property. *Blodgett* v. *German Savings Bank*, 69 Ind 153.

It does not appear from the complaint under consideration that appellants or either of them owned the property in question on the 1st day of April, 1890, the date upon which the taxes accrued. By the special covenant in the deed the liability of the grantors is limited to encumbrances which resulted from acts of theirs or things suffered by them to be done, and the question for decision is, do the taxes for the year 1890 constitute an encumbrance within the scope of that covenant? It may be said at the outset that the taxes accrued through no act of the grantors; that they did nothing to charge the premises with the lien, so if any liability exists it must be found under the other clause of the covenant.

An encumbrance upon property, suffered by the grantor, means one within his power and duty to have avoided. "Suffer," in that connection, implies responsible control, and it can not be held to apply to a thing not caused by the act of the party nor within his power to prevent. An instance of a lien within the scope of the covenant would be a judgment against the covenantors. While it might not have been within their power to have prevented the judgment in one sense, within the sense of the law, it could have been avoided by the payment of the debt. Such a lien could not exist except by the default of the parties in failing to

discharge their personal obligation, consequently could only be by their sufferance. But where the grantor is under no personal obligation to discharge a lien, and it was not created by his act, he can not be held upon a covenant like that under consideration. An encumbrance upon the property at the time the grantor acquired the title to it is not within his covenant against " encumbrances done or suffered" by him. *Parker* v. *Parker*, 93 Ala. 80; *Brown* v. *Young*, 69 Iowa, 625; *Cole* v. *Lee*, 30 Me. 392; *Comstock* v. *Smith*, 13 Pick. 116.

The case of *Hobson* v. *Middleton*, 6 Barn. & Cres. 295, was an action for the breach of a limited covenant against encumbrances resulting from acts done or suffered and permitted by the defendant. It was charged in the declaration that the defendant joined in, and consented to, the execution of a deed which created a charge upon the premises. The answer alleged that the defendant could not have prevented the execution of the instrument, and the court held he was not responsible for the deed of the other party, although he did consent to its execution. In deciding the case BAYLEY, J., said: " Now the words 'permitting and suffering' do not bear the same meaning as 'knowing of and being privy to'; the meaning of them is, that the defendant should not concur in any act over which he had a control. As far as the execution of the deed by himself, he admits the breach, but as to the residue, says he could not prevent it; and if 'permitting and suffering' applies only to that which he could prevent, it is clear that his consent in this case was not a breach of the covenant."

The same meaning was given the terms "suffer" and "permit" in the following cases: *Towson* v. *Green*, 2 Car. & P. 110; *Stannard* v. *Forbes*, 6 Ad. & E. 572.

Applying these principles to the case in judgment, it must be held that the complaint is insufficient.

The encumbrance was not created by the act of the appellants, nor by any power for which they were in any re-

spect responsible.  They could not have removed it at any time before the deed was executed, and it does not appear that they were under any personal obligation to have done so afterwards.

The judgment is reversed.

Filed Sept. 30, 1892.