[No. 621.   Decided April 24, 1893.]

SARIA M. LEDDY, *Respondent*, v. JOHN ENOS, *Appellant*.

CONVEYANCES — WARRANTY — COVENANT FOR QUIET ENJOYMENT —
PAYMENT BY GRANTEE OF DELINQUENT TAXES.

Where a grantor, instead of simply using the word "warrant" in
a conveyance and leaving the statute to define what should be im-
plied thereby, goes farther and sets out the particular thing or
things which he will warrant against, he cannot be held to have in-
tended other covenants than the one or ones thus set out. (DUN-
BAR, C. J., dissents.)

The payment by the grantee of taxes which were a lien upon the
land at the time of the conveyance, is not a breach of a covenant
for quiet enjoyment, when there is nothing to show that anything is
being done by the city or county that will in any manner endanger
the title of the grantee. (DUNBAR, C. J., dissents.)

*Appeal from Superior Court, King County.*

*M. Gilliam*, for appellant.

*Frank G. Haddock* (*James Leddy*, of counsel), for re-
spondent.

The opinion of the court was delivered by

ANDERS, J.— It is only necessary for us to decide one
of the questions presented by the record in this case, and
that is as to the sufficiency of the complaint. The case was
brought to recover damages for a breach of the covenants
of a deed made by appellant to the respondent. There was
no special covenant against incumbrances in said deed.
The only covenant relied upon and set out in the complaint
was substantially as follows:

"And the said party of the first part, his heirs, executors
and administrators, does by these presents covenant, grant
and agree to and with the said party of the second part,
her heirs and assigns, that he, the said party of the first
part, his heirs, executors and administrators, all and singu-

lar the premises hereinbefore conveyed, described and granted or mentioned, with the appurtenances, unto said party of the second part, her heirs and assigns, and against all and every person and persons whomsoever lawfully claiming or to claim the same, or any part thereof, shall and will warrant and forever defend.''

The alleged breach of covenant was the fact that certain taxes assessed by the city of Seattle and the county of King upon the land conveyed were due and unpaid, and the damages sought to be recovered were on account of the payment of such taxes. It is contended on the part of the appellant that the covenant above set out was simply one for quiet enjoyment and not one against incumbrances, and that since the only breach assigned was the existence of an incumbrance on the property the complaint upon its face showed no violation of the covenants of the deed. That the covenant is not one against incumbrances is conceded by respondent, if the language is to be construed without any aid from our statute. She contends, however, that as such statute provides that a deed which is made in the form prescribed therein, shall be construed as a warranty deed carrying implied covenants as provided for in said statute, one of which is against incumbrances, this deed must be construed as though such covenant had been expressed therein.

We are unable to agree with this contention. It is evident that this deed was not drawn in view of such statute, and not being so drawn the implied covenants provided for therein would not obtain. By virtue of the statute certain covenants were implied from the use of the word warrant in a deed. But these covenants were to be implied only when there were none expressed. But where, as in this case, the grantor, instead of simply using the word ''warrant'' and leaving the statute to define what should be implied thereby, goes farther and sets out the particular thing or

things which he will warrant against, he cannot be held to have intended other covenants than the ones thus set out.

It follows that the covenants of the deed in question were only those for quiet enjoyment. Such being the case, was there a breach thereof by reason of the unpaid taxes upon the land? The respondent concedes that under the doctrine formerly existing such incumbrance would not constitute a breach of such covenants. She contends, however, that under the modern rule the grantee may pay off incumbrances, and under the covenants for quiet enjoyment recover the same from the grantor. Whether or not this is true as to any incumbrance before the same has been actively asserted against the grantee in such a manner as to endanger his title, in our opinion no such right exists until there has been at least some threat that it would be so asserted. The complaint in this case does not show that there was anything being done by the city or county that could in any manner endanger the title of the plaintiff. For all that appears in the complaint the appellant may have intended to contest such taxes in the courts, and have them set aside, or failing that, to pay them. Under these circumstances, the payment thereof by respondent was a purely voluntary one, and no liability was thereupon incurred by the grantor in the deed on account of the covenants contained therein.

The judgment must be reversed, and the cause remanded with instructions to dismiss the action.

HOYT, SCOTT and STILES, JJ., concur.

DUNBAR, C. J. (*dissenting*).—I am unable to agree with the reasoning or conclusions of the majority. I think the contention of the respondent, that the deed, which is made in the form prescribed by statute, should be construed as a warranty deed carrying implied covenants as provided for in said statute, is irresistible, and that the deed must be

construed as though such covenants had been expressed therein.

Nor do I think with the majority that the deed is taken out of the statute because it is made fuller than the statutory form requires. The excess is simply surplusage, and does not bring it within the rule of *expressio unius est exclusio alterius*. Nor do I think that it was the duty of the grantee to stand idly by and see the incumbrances on his land increased by penalties accumulating as delinquent taxes. He rightly made his damages as light as possible by the payment of taxes, and ought not to be made to suffer for doing that which the law in every other character of case would compel him to do. Certainly no presump-- tion will attach that the taxes were illegally levied, and will be successfully contested. The presumption is exactly the reverse. The judgment should be affirmed.