(November 22, 1912.)

## JACOB POLAK, Appellant, v. IDA MATTSON, Respondent.

### [128 Pac. 89.]

COVENANTS IN DEED—USE OF WORD "GRANT"—IMPLIED COVENANTS—EX-
PRESS COVENANTS — QUIET AND PEACEABLE POSSESSION — UNPAID
TAXES—TAX LIEN—TAX SALE CERTIFICATES—ENCUMBRANCES SUF-
FERED BY GRANTOR.

(Syllabus by the court.)

1.  The word "grant," when used in a conveyance, under the pro-
visions of sec. 3120, Rev. Codes, implies the following covenants,
and none other, on the part of the grantor, for himself and heirs,
to the grantee, his heirs and assigns, unless restrained by express
terms contained in such conveyance, to wit: 1. That previous to the
time of execution of such conveyance the grantor has not conveyed
the same estate or any right, title or interest therein to any person
other than the grantee; 2. That such estate is at the time of the
execution of such conveyance free from encumbrances done, made
or suffered by the grantor, or any person claiming under him.

2.  Under said implied covenants, an encumbrance upon property
at the time the grantor acquired the title to it is not within the
covenant against encumbrances "done, made or suffered" by the
grantor, unless it appears that he was under personal obligation to
pay it.

3.  Where the word "grant" is used in a conveyance, certain cove-
nants are implied "unless restrained by express terms contained
in such conveyance," and where there follows in the conveyance an
express covenant of "quiet and peaceable possession," and where the
implied covenants and the express covenants are entirely independent
of each other and of a different character, they must be construed

together and both permitted to stand, unless it clearly appears from such instrument that the express covenant was intended to restrict or limit the implied covenant.

4. Where taxes are legally levied on real estate, the lien attaches on the second Monday of January of that year, and where the grantor in a conveyance procures title to such real estate on the 23d day of May, 1906, the taxes levied for that year and the two years previous thereto were encumbrances on said real estate before the defendant acquired title thereto, and are not encumbrances "done made or suffered" by the grantor or any person claiming under him, unless it appears that he had agreed with his grantor to pay them.

5. Taxes which were a lien upon land at the time of its conveyance, although not payable until afterward, are not an encumbrance "suffered" by the grantor, where it is not shown that he was under any personal obligation to discharge the tax lien.

6. "Suffered," as used in said section, implies reasonable control, and it cannot be held to apply to an encumbrance not caused by the act of the party nor within his power to prevent.

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. W. W. Woods, Judge.

Action to recover for damages alleged to have been sustained by reason of the failure of covenants of warranty in a deed of conveyance. Judgment for defendant. *Affirmed.*

A. G. Kerns, for Appellant.

The covenant there expressed is not one of warranty of title, or of quiet enjoyment against encumbrances. It is that the property so conveyed is free from encumbrances—that there are no encumbrances on it. In case of breach of covenant against encumbrances, the breach occurs when the deed is given, and no eviction is necessary. (*Warren v. Stoddart,* 6 Ida. 692, 59 Pac. 540.)

In an action on a covenant against encumbrances, if the plaintiff has purchased or extinguished the outstanding encumbrance, he is entitled to recover the reasonable price which he has fairly and necessarily paid. (*Anderson v. Knox,* 20 Ala. 156; *Morehouse v. Heath,* 99 Ind. 509; *Henderson v. Henderson,* 13 Mo. 151; *Kellogg v. Malin,* 62 Mo. 429; 14 Am. Dig. 346; *Utica C. & S. V. R. Co. v. Gates,* 8 App. Div.

181, 40 N. Y. Supp. 316; *Hartshorn v. Cleveland,* 52 N. J. L. 473, 19 Atl. 974.)

The general rule for the measure of damages in an action for its breach by reason of encumbrance existing upon the property sold, at the time of sale, is the loss actually sustained by the covenantee with interest. (*Christy v. Ogle,* 33 Ill. 295; *Harrington v. Bean,* 89 Me. 470, 36 Atl. 986; *Wetmore v. Green,* 11 Pick. (Mass.) 462; *Lockwood v. Nichols,* 14 Daly, 182, 6 N. Y. St. 220; 11 Cyc. 1165.)

A special warranty following a general conveyance against encumbrances will not limit the latter. (2 Sutherland on Damages, sec. 5, p. 1779; *Duroe v. Stephens,* 101 Iowa, 358, 70 N. W. 610.)

J. E. Gyde, for Respondent.

Before there can be a recovery or a cause of action stated there must be an allegation of a breach of the covenant on which plaintiff seeks to recover. (5 Ency. Pl. & Pr. 369.)

Where a deed contains express covenants of general warranty, the statutory covenants are not implied, and a grantee whose possession has never been disturbed cannot recover on the statutory covenant. (*Douglass v. Lewis,* 3 N. M. 345, 9 Pac. 377; S. C., 131 U. S. 75, 9 Sup. Ct. 634, 33 L. ed. 53; *Leddy v. Enos,* 6 Wash. 247, 33 Pac. 508; *Dun v. Dietrich,* 3 N. D. 3, 53 N. W. 81; *Weems v. McCaughan,* 7 Smedes & M. (Miss.) 422, 45 Am. Dec. 314, and note citing many cases; *Crouch v. Fowle,* 9 N. H. 219, 32 Am. Dec. 350, and cases cited.)

No covenants are implied from the use of the word "grant" in a conveyance where they are "restrained by express terms contained in such covenant." (Rev. Codes, sec. 3120.)

Under a covenant for quiet and peaceable possession there must be an eviction before the covenant is broken. (8 Am. & Eng. Ency. Law, 98, and cases cited.)

SULLIVAN, J.—This action was brought to recover $205.50, with interest thereon, alleged to be due the plaintiff by reason of his having paid that amount to clear the title

to certain land that he purchased from the defendant, with an encumbrance thereon created by the sale of said land for certain taxes levied against it. A demurrer to the amended complaint was overruled and the defendant answered and the cause was tried by the court, and at the close of plaintiff's testimony the defendant moved to strike out all of the evidence introduced by the plaintiff, on the ground that it was incompetent, irrelevant and immaterial, and that it did not sustain the issues of the pleadings. After hearing said motion the court sustained it and stated as follows: "I shall strike out all this evidence and grant the nonsuit upon the ground that the statutory covenant is limited by the express covenant as stated in the deed," and entered a judgment of nonsuit. This appeal is from that judgment.

The appellant assigns as error the action of the court in striking out the evidence and in entering judgment of dismissal.

The decision of this case involves the proper construction of a certain deed of conveyance executed on November 10, 1909, by Ida Mattson to Jacob Polak, whereby Mattson conveyed for a consideration of $800 the south half of the northeast quarter of section thirty-four, township forty-nine north, of range one east, of Boise meridian, in Shoshone county. It appears from the record that the taxes were not paid on said land for the years 1904, 1905 and 1906, and that at the date of the above-mentioned conveyance one William McKinnon held the tax sale certificates to said land by assignment from Shoshone county. Soon after purchasing said land the appellant learned of said delinquent taxes and the sale of said land therefor and notified the respondent and demanded that she free the premises from said encumbrances, and on her failure and refusal to do so the appellant, on July 23, 1910, paid to the assignee of said certificates the sum of $200 for an assignment of the same and a quitclaim deed to the premises, and also paid two dollars for a tax deed and three dollars and fifty cents for recording the same. Appellant then demanded payment of said sum from the respondent, which payment was refused and this action was brought.

Upon that state of facts plaintiff in his amended complaint alleged, among other things, that the defendant "did grant, bargain, sell, convey and confirm unto the plaintiff" the lands above described, "that in and by said deed in writing the defendant did covenant, promise and agree by and with the plaintiff that said estate was at the time of the execution of said conveyance free from encumbrances done, made or suffered by the defendant, or·any person claiming under her." And it is also alleged that said tax certificates were outstanding against said land; that in order to clear his title to said lands the plaintiff was compelled to pay the amount above set forth.

The answer put fairly in issue the question as to whether the respondent warranted the title against the encumbrance caused by said tax certificates. On the trial the plaintiff offered in evidence the deed above referred to and other evidence and rested. Counsel for respondent thereupon moved to strike out all of said evidence on the ground that it did not sustain any issues set forth in the pleadings. The court granted said motion and granted a nonsuit as above stated.

(1) The only question presented is whether the covenants in said deed were a warranty against said tax sale certificates, or does the deed contain any covenant against the encumbrance caused by said tax certificates. Counsel for respondent contends that the covenants in said deed were only against encumbrances "done, made or suffered by the defendant or any person claiming under her," and such other covenants as are implied from the use of the word "grant" as used in said deed. The deed recites, among other things, that in consideration of the sum of $800 to her in hand paid, "does by these presents grant, bargain, sell, convey, and confirm unto the said party of the second part, and to his heirs and assigns forever, the following described real property: . . . . To have and to hold, all and singular, the above mentioned and described premises, together with the appurtenances, unto the said party of the second part, and to his heirs and assigns forever. And said party of the first part and her heirs, the said premises, in the quiet and peaceable possession of the said

party of the second part, his heirs and assigns, against the said party of the first part and her heirs, and against all and every person and persons whomsoever, lawfully claiming or to claim the same, shall and will warrant, and by these presents forever defend."

The word "grant" is used in said conveyance, and the implied covenants from the use of that word in a conveyance are set forth in sec. 3120, Rev. Codes, which section is as follows:

"From the use of the word 'grant' in any conveyance by which an estate of inheritance, possessory right, or fee simple is to be passed, the following covenants, and none other, on the part of the grantor, for himself and his heirs, to the grantee, his heirs and assigns, are implied, unless restrained by express terms contained in such conveyance:

"1. That previous to the time of the execution of such conveyance, the grantor has not conveyed the same estate, or any right, title, or interest therein, to any person other than the grantee;

"2. That such estate is at the time of the execution of such conveyance free from encumbrances done, made or suffered by the grantor, or any person claiming under him. Such covenants may be sued upon in the same manner as if they had been expressly inserted in the conveyance."

Under the implied covenants provided by said section, an encumbrance upon property at the time the grantor acquired the title to it is not within the covenant against encumbrances "done, made or suffered" by the grantor, unless he had agreed with his grantor to pay it.

But it is contended by counsel for respondent that as said deed contains an express covenant to the effect that the grantor warrants the grantee in the "quiet and peaceable possession" of said premises, for that reason the statutory covenants are not implied, and that as the grantee's possession has not been disturbed, he cannot recover on the implied covenant, and counsel cites in support of that contention *Douglass v. Lewis,* 131 U. S. 75, 9 Sup. Ct. 634, 33 L. ed. 53. In that case the court held that the introduction into a deed

of an express covenant of warranty had the effect to deny to the purchaser the benefit of the statutory right of seisin, and that the covenant of warranty and that of seisin or right to convey are not equivalent covenants. This decision rests upon the rule that statutes in derogation of the common law must be strictly construed, which is not the rule in this state.

Counsel also cites *Leddy v. Enos,* 6 Wash. 247, 33 Pac. 508, where it was held that the statute of Washington in regard to implied covenants did not apply to a deed which was not drawn in view of the statute and which set out the exact thing warranted by the grantor.

It is also contended that no covenants are implied from the use of the word "grant" in a conveyance where they are restricted by express terms contained in the conveyance. This last contention is based on the provisions of sec. 3120, Rev. Codes, where it is stated that from the use of the word "grant" in a conveyance, certain covenants are implied "unless restrained by express terms contained in such conveyance," and it is contended that the intention is that the implied covenants are restrained by the express covenants of "quiet and peaceable possession." We do not think the covenant of "quiet and peaceable possession," as expressed in said deed, in any manner restrains or restricts the implied covenants prescribed by said section of the statute. Where the implied covenants and the express covenants are entirely independent of each other and of a different character, they must be construed together and both permitted to stand, unless it clearly appears that the express covenant was intended to restrict or supersede the implied covenant. (See *Alexander v. Schreiber,* 10 Mo. 289 (460).) We think said deed was drawn in view of said statute, and hold that said implied covenants were not intended in any manner to be restrained or limited by said express covenant. As this action was not brought for damages on the ground that the "quiet and peaceable possession" of the defendant has been disturbed, that question is not involved in this case.

2. It is next contended that the alleged tax sale certificates were not encumbrances "done, made or suffered" by defend-

ant or anyone claiming under her. It appears from the record that the plaintiff's grantor became the owner of said premises on May 23, 1906. None of the tax liens attached during the time she was the owner, as the taxes of 1904, if legally levied, attached as a lien on the second Monday of January, 1904, and for 1905, on the second Monday of January, 1905, and for 1906, on the second day of January, 1906. (See sec 1651, Rev. Codes.) The question, then, is presented whether the encumbrance on said land by reason of the levy of said taxes became a lien during the time she owned said property, and whether such liens were encumbrances "done, made or suffered" by her or any person claiming under her. Said taxes were encumbrances on said real estate before defendant acquired title thereto, and it was held in *Smith v. Eigerman,* 5 Ind. App. 269, 51 Am. St. 281, 31 N. E. 862, that an encumbrance upon property at the time the grantor acquired the title to it is not within the covenant against encumbrances "done or suffered" by him, and in the same case it was held that an encumbrance upon property suffered by the party means one within his power and duty to have avoided. "Suffered" in that connection implies reasonable control, and it cannot be held to apply to a thing not caused by an act of the party nor within his power to prevent, and taxes which were a lien upon the land at the time of its conveyance, though not payable until afterward, are not encumbrances within the scope of a covenant in a deed of conveyance limiting the liability of grantors to encumbrances resulting from their acts or "things suffered" by them, where it is shown they were not under any personal obligation to discharge the tax lien.

We therefore conclude that said tax liens were not encumbrances "done, made or suffered" by the defendant or any person claiming under her, and that the judgment must be affirmed. Costs awarded to respondent.

Stewart, C. J., and Ailshie, J., concur.