[Civ. No. 2816.  First Appellate District, Division One.—June 10, 1919.]

## WILEY F. CRIST et al., Appellants, v. NETTIE FIFE et al., Respondents.

[1] VENDOR AND VENDEE—RESCISSION OF CONTRACT—FALSE REPRE-
SENTATIONS—CONFLICT OF EVIDENCE—APPEAL.—In an action to
rescind a contract for the purchase of certain residence property,
to cancel a note and mortgage given as part payment and to
recover the money paid thereon, on the ground of alleged false
representations on the part of the vendor, if the evidence with
reference to the alleged representations is conflicting, the finding
of the trial court is conclusive on appeal.

[2] ID.—USE OF WORD "GRANT"—IMPLIED COVENANTS—ENCUMBRANCES
PRIOR TO ACQUISITION OF TITLE BY VENDOR.—The provision of sec-
tion 1113 of the Civil Code insuring to the purchaser an implied
covenant, where the word "grant" is used in the conveyance, that
the property is free from encumbrances done, made, or suffered
by the grantor does not apply to encumbrances which were on the
property at the time the grantor acquired title.

APPEAL from a judgment of the Superior Court of
Alameda County.  T. W. Harris, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Edward R. Eliassen for Appellants.

Roscoe D. Jones for Respondents.

KERRIGAN, J.—This suit is one for the rescission of
a contract for the purchase of certain residence property,
the cancellation of a note and mortgage given as part pay-
ment therefor, and the recovery of money paid thereon.

The complaint charged that respondents had falsely and
knowingly and with intent to deceive appellants repre-
sented that the title to the property was free and clear
of all encumbrances of every kind, and that appellants
relied upon these representations, whereas there were in
fact certain building restrictions against the property.  The
trial court found that the claimed representations were not
made, and judgment went in favor of defendants.

[1] It is first claimed as ground for reversal that this finding on the alleged representations is not supported by the evidence. There was a conflict upon this subject, and the finding is conclusive here.

As a further ground for reversal it is urged that notwithstanding this question, the facts found by the trial court necessitate a reversal of the judgment. These facts, in substance, are as follows: On the twenty-eighth day of August, 1911, the respondents sold to appellants the residence property for the sum of $6,850, receiving one thousand dollars on account thereof, with a mortgage for $5,850, upon which appellants subsequently paid four thousand four hundred dollars. On May 28, 1917, appellants discovered that the property was burdened with certain building restrictions. The restrictions provided:

1. That the building should be used only as a residence;

2. That no building should be erected on the premises to cost less than three thousand dollars, nor nearer than twenty feet to the street frontage;

3. That no saloon or mercantile business should be maintained or conducted thereon.

These restrictions were to remain in force until the twenty-ninth day of November, 1917, and in the case of any violation thereof the property was to revert to the original grantor. There was also a sewer right of way across the property. Appellants first learned of the existence of the restrictions and conditions above set forth on May 28, 1917. None of them were contained in the deed from respondent to appellants. The former had purchased the property at a foreclosure sale, and they too knew nothing concerning their existence at the time of the conveyance to appellants. The form of deed adopted by the respondents in making the conveyance of the property to appellants was one of grant, bargain, and sale.

These facts appellants claim show that the property was burdened with encumbrances that the form of deed adopted by the parties insured against, for which reason they claim the right of rescission.

We are of the opinion that there is no merit in the contention. By section 1113 of the Civil Code the word "grant" in any conveyance by which an estate is to be

passed insures to the purchaser an implied covenant, unless restrained of,

1. That previous to the time of the execution of such conveyance the grantor has not conveyed the same;

2. That such estate is at such time free from encumbrances done, made, or suffered by the grantor.

[2] Assuming that the building restrictions here involved constitute encumbrances under the implied covenants contained in the statute, and that they are enforceable against appellants, such encumbrances were upon the property at the time the grantor acquired the title to it, and they are, therefore, not within the covenant against encumbrances "done, made, or suffered" by the grantor, for the reason that he has not created or caused them to exist. "Suffered," as used in the statute, implies reasonable control, and it cannot be held to apply to an encumbrance not caused by the act of the party nor within his power to prevent. (*Smith* v. *Eigerman,* 5 Ind. App. 269, [51 Am. St. Rep. 281, 31 N. E. 862]; *Polak* v. *Mattson,* 22 Idaho, 727, [128 Pac. 89].)

Conceding, therefore, that this question is properly before us, it can avail appellants nothing.

For the reasons given the judgment is affirmed.

Waste, P. J., and Richards, J., concurred.