[Civ. No. 3620. Third Appellate District.—September 25, 1928.]

EVA M. WHALEN, Petitioner, v. ERROL A. YANK, County Clerk, etc., Respondent.

Carter & Smith for Petitioner.

Carr & Kennedy for Respondent.

FINCH, P. J.—This is an original application for a writ of mandate to compel the respondent to enter judgment for treble damages in favor of petitioner in an action prosecuted by her against the Postal Telegraph-Cable Company and others.

The case was tried before the court, without a jury, and the court found that, on August 8, 1926, the defendants negligently set fire to "weeds, grass, and vegetation" growing on the plaintiff's land and negligently suffered the fire to spread and destroy the plaintiff's barn; that by reason of such negligence "plaintiff has suffered the loss of her said

barn and has thereby suffered actual damages in the sum of $573.38,'' the actual value of the barn. The court made the following conclusions of law and direction for entry of judgment:

"That plaintiff is entitled to judgment against the defendants . . . in the sum of $573.38 as actual damages suffered by her as the result of the destruction of her barn, as hereinabove found, together with her costs of suit incurred in this action.

"Let judgment be entered accordingly."

It appears from respondent's return to the alternative writ of mandate herein that the conclusions of law, as originally drafted, contained the following:

"That the defendants are liable to the plaintiff to treble damages in the premises, pursuant to the provisions of section 3346a of the Civil Code and section 3344 of the Political Code of the State of California."

The return further shows that the trial judge struck this paragraph from the draft of the findings and conclusions before the same were filed; that immediately after the findings were filed the respondent entered judgment in favor of the plaintiff for $573.38; that "the judgment so entered . . . was prepared and presented to respondent, for use in entering judgment in said action, by counsel for plaintiff, the petitioner herein."

Six days after the entry of such judgment the petitioner made demand upon respondent to enter judgment in her favor in the sum of $1,720.14, being for treble damages. On respondent's refusal to comply with the demand, this proceeding was commenced. Thereafter, September 1, 1928, the petitioner herein, as plaintiff in the action for damages, filed a notice of appeal to this court from the judgment entered by the clerk in that action. Section 3346a of the Civil Code and section 3344 of the Political Code are identical in language and read as follows:

"Every person negligently setting fire to his own woods, or negligently suffering any fire to extend beyond his own land, is liable in treble damages to the party injured."

Since the case is on appeal to this court from the judgment entered therein by the clerk, on the hearing of which appeal the matters involved may be more fully presented, it is not deemed proper unnecessarily to express an opinion

whether or not the plaintiff is entitled, under the provisions quoted, to treble damages. The facts found by the court do not bring the case within the strict terms of those provisions, because the fire was not set on the defendants' land and did not extend therefrom to plaintiff's or other lands. Those facts apparently bring the case within the terms of the Forestry Act. (Stats. 1905, p. 235.) Section 14 of that act provides:

"Every person who wilfully, maliciously or negligently sets on fire or causes or procures to be set on fire any woods, brush, prairies, grass, grain, or stubble on lands not his own . . . whereby any property of another is injured or destroyed . . . shall be guilty of a misdemeanor."

Section 18, as amended in 1919 (Stats. 1919, p. 234), provides:

"In addition to the penalties provided in sections fourteen, fifteen, sixteen and seventeen of this act, the United States, state, county, or private owners, whose property is injured or destroyed by such fires may recover in a civil action, double the amount of damages suffered if the fires occurred through willfulness, malice or negligence."

On the submission of the case for decision it became the duty of the trial court to determine whether the case made by the plaintiff warranted a recovery of treble damages under the sections of the Civil and Political Codes, of double damages under the provisions of the Forestry Act, or of actual damages only under general provisions of law, and the court evidently decided in favor of such actual damages. If it be conceded that the court erroneously construed the law applicable to the facts, it does not follow that a ministerial officer has authority to correct the erroneous judicial act of the trial court. "The written findings of fact and conclusions of law constitute the decision of the court and judgment must be entered in accordance therewith." (*Prothero* v. *Superior Court*, 196 Cal. 439 [238 Pac. 357].) "Since, in entering a judgment on a verdict or findings, the clerk performs a ministerial duty, he may neither enlarge nor abridge the scope of the judgment. . . . In so far as he departs from the decision rendered, his action is void and may be set aside and corrected at any time." (14 Cal. Jur. 920; *City and County of San Francisco* v. *Brown*, 153 Cal. 644, 650 [96 Pac. 281].) "In the

generality of cases, to an intelligent clerk, the conclusions of law will be sufficient guidance for the entry of a correct judgment.'' (*Takekawa* v. *Howe*, 170 Cal. 323, 324 [149 Pac. 593].) The judgment entered by the clerk in this case is in strict accordance with the conclusions of law and he has no authority to vacate it and enter a different judgment.

It may be observed further that a writ of mandate should issue only in ''cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law.'' (Code Civ. Proc., sec. 1086.) A motion in the action affords a plain, speedy, and adequate remedy for the correction of a judgment entered by the clerk contrary to the decision of the court. (*City and County of San Francisco* v. *Brown, supra.*)

The petition for a writ of mandate is denied.

Plummer, J., and Hart, J., concurred.