[Civ. No. 8575.  Second Appellate District, Division Two.—August 11, 1933.]

ERNST R.  OSBORNE et al., Respondents, v.  HENRY WINTER, Appellant.

Tanner, Odell & Taft for Appellant.

S. C. Schaefer for Respondents.

CRAIG, J.—Certain property of the respondents having been destroyed by fire communicated to their premises from that of the appellant, an action for damages based upon alleged negligence and the violation of a county ordinance by the latter was commenced. Judgment having been rendered in favor of the plaintiffs, the defendant appealed from the same, and from an order denying his motion for a new trial.

Following the reception of evidence the trial court rendered findings and a judgment in treble the amount of damages found to have been sustained by the plaintiffs from a conflagration which had destroyed their premises after crossing the party line from an adjoining lot of the defendant. The sufficiency of the complaint to state more than a common-law cause of action and of the evidence to support said

judgment are challenged upon appeal. By four separate causes of action the plaintiffs alleged (1) that the defendant intentionally kindled a fire on his own land and so negligently watched and attended the same that it extended upon that of the plaintiffs and wholly consumed their dwelling and its contents; (2) that the defendant intentionally kindled a fire on his own land, that he had charge thereof, and that he negligently and without proper. precaution allowed the same to escape from his control and to spread, as a result of which it came upon the plaintiffs' premises and destroyed said dwelling and personal property; (3) that the defendant lighted a fire and used the same to burn brush and grass upon land within 500 feet of brush and grass-covered land containing inflammable material, without first having obtained a permit from the state or county fire warden; and less than 40 feet therefrom, in violation of a certain ordinance of the county, by reason of which the same came upon the plaintiffs' premises and destroyed valuable property; (4) that the defendant allowed a fire built out of doors to spread into and upon the plaintiffs' real property and to consume and destroy said dwelling and contents, contrary to the provisions of an ordinance of said county. In each such instance the ordinance relied upon was alleged only by title and date of enactment. In brief, the first cause of action alleged the setting of a fire, the second allowing the same to escape, and the third and fourth alleged violations of municipal ordinances. As to the first two it was provided by statute: "DAMAGES FOR FIRING WOODS. Every person negligently setting fire to his own woods or negligently suffering any fire to extend beyond his own land, is liable in treble damages to the party injured." (Civ. Code, sec. 3346a; Pol. Code, sec. 3344.)

The appellant strenuously denied any knowledge as to the origin of the brush fire, and there was no direct testimony of any eye-witness as to its origin or cause. It is contended that the complaint did not state a cause of action with the intent of the statute as it then existed, and that the evidence was not sufficient to establish a charge that the appellant intentionally or negligently caused or permitted the same to be communicated to the lands of the respondents, nor that he "suffered" any fire to extend beyond his own land". ▮ One of the meanings of the term "suffer to

occur" is to allow, to admit, or to permit. (*Gregory* v. *Marks,* 10 Fed. Cas. 1194 [No. 5802]; *Adams* v. *Nichols,* 1 Aikens (Vt.), 316; *City of Ft. Wayne* v. *DeWitt,* 47 Ind. 391; *Dunseath* v. *Pittsburg A. & M. T. Co.,* 161 Pa. 124 [28 Atl. 1021].) It implies an approval of or acquiescence in an act, and more than nonresistance. (*Purinton* v. *Jamrock,* 195 Mass. 187 [80 N. E. 802, 18 L. R. A. (N. S.) 926].) And denotes knowledge and intention. (*Bunnell* v. *Commonwealth,* 30 Ky. Law Rep. 491 [99 S. W. 237].) Since the defining of the term as above, section 1113 of our Civil Code, which declares that a grant insures among other things that an estate is at the time of conveyance free from encumbrances done, made or *suffered* by the grantor, has been construed. (*Crist* v. *Fife,* 41 Cal. App. 509 [183 Pac. 197].) As there said: " 'suffered, as used in the statute, implies reasonable control, and it cannot be held to apply to an incumbrance not caused by the act of the party nor within his power to prevent' ". And in *Block* v. *Citizens' Trust & Savings Bank,* 57 Cal. App. 518 [207 Pac. 510], it was held that condemnation proceedings could not be said to constitute an encumbrance "made, done or suffered by the vendor". That "suffer", in this connection, implies responsible control; and it cannot be held to apply to a thing not caused by the act of the party nor within his power to prevent. (*Crist* v. *Fife, supra; Smith* v. *Eigerman,* 5 Ind. App. 269 [31 N. E. 862, 51 Am. St. Rep. 281].) ▆ It appeared that the defendant was alone, and was raking dead grass from his premises to a roadway; one Wood had delivered a load of stones to said property, and upon his return with a second load a fire was burning in front of the defendant's house, between 25 and 30 feet from the plaintiffs' property; Winter attempted to extinguish it with his rake when it began to spread, but there was no hose nor water on the premises, and water was obtained from the premises of the plaintiffs. Wood inquired if he was gathering the grass to haul the same away, the defendant replying, "Maybe—probably." He stated that the fire had gotten away from him, and when asked by Wood if he raked it together to destroy it, he said that "that did not matter". When examined by the trial judge, the defendant was asked where the first flame was, to which he replied: "Right in front, where I stood with my rake, where it is marked 'A'

there. Q. Was it right by you? A. Yes. Q. How far away from you in feet was the first flame you saw? A. Why, it was all about the same as between you and me. Q. Three or four feet? A. Yes; or two feet." Previously he had sworn that it started underneath his house, that it started in a near-by ravine, and that he did not know where it started. Further quotation from the record is unnecessary to indicate the conflicting evidence upon which the trial court based its conclusion that the defendant had intentionally put in motion the element of cause. It was not contended that he had first obtained a permit therefor as required, and it plainly was shown by other evidence that the fire had started "right where he was raking", and that there was "plenty of wind". A degree of care corresponding to the danger both as to time and place of starting a fire without compliance with the law, is required in such a case, and due care requires circumspection. (*Galvin* v. *Gualala Mill Co.,* 98 Cal. 268 [33 Pac. 93]; *McVay* v. *Central California Investment Co.,* 6 Cal. App. 184 [91 Pac. 745].) ■ The contention that the legal basis for such an action implies a demand for proof of more than the mere disregard of due care, and that it arises solely under the provisions of the Forestry Act, is untenable. (*Paiva* v. *California Door Co.,* 75 Cal. App. 323 [242 Pac. 887]; *Kennedy* v. *Minarets & W. Ry. Co.,* 90 Cal. App. 563 [266 Pac. 353]; *Whalen* v. *Yank,* 94 Cal. App. 157 [270 Pac. 729].)

■ It lay with the trial court to determine whether the case warranted a recovery of treble damages under said sections, or of actual damages under general provisions of law. (*Whalen* v. *Yank, supra.*) The proof of negligence alone may warrant the imposition of treble damages. And such burning of grass, weeds and rubbish other than in "woods" as argued by the appellant has been recognized as within the scope of said sections. (*Paiva* v. *California Door Co., supra.*)

■ The remaining counts or causes of action alleged the acts recited contrary to a certain ordinance entitled, "An Ordinance regulating the use of fire by any and all persons in the County of Los Angeles, State of California, passed July 1st, 1925, and as amended by an ordinance of said county of Los Angeles entitled, 'An ordinance amending sections I, II and V of Ordinance No. 1315, New Series,'

passed March 30, 1927,'' etc. In pleading a municipal ordinance or a right derived therefrom, it is sufficient to refer to such ordinance by its title and by the day of its passage. (Code Civ. Proc., sec. 459.) It must be said of the appellant's contention in this respect that the complaint was sufficiently complete. However, it may not be assumed that the trial court was otherwise in doubt as to the provisions of the ordinances mentioned and so pleaded, since they were introduced in evidence as a whole.

Prejudicial error not appearing, the judgment is affirmed. The appeal from the order denying a new trial is dismissed, for the reason that such right in section 693 of the Code of Civil Procedure was repealed in 1915.

Works, P. J., and Archbald, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 9, 1933.

Seawell, J., dissented.