WHAYNE v. McBIRNEY.

No. 31201.   Jan. 30, 1945.

Rehearing Denied March 27, 1945.

*157 P. 2d 161.*

Remington Rogers, of Tulsa, for plaintiff in error.

V. J. Bodovitz, of Oklahoma City, for defendant in error.

DAVISON, J. This action was instituted in the district court of Tulsa county by J. R. Whayne, hereinafter referred to as plaintiff, against J. H. McBirney, successor trustee of Exchange National Company, a corporation, hereinafter referred to as defendant, to cancel a mortgage on real estate. The real estate involved is approximately 67 acres in area and consists of 242 lots near the city limits of Tulsa, Okla. The case was tried without the aid of a jury and resulted in the court sustaining a demurrer to the evidence of the plaintiff. Plaintiff has appealed.

The defendant, as successor trustee, acquired title to the real estate involved herein on October 19, 1936, by sheriff's deed in a mortgage foreclosure action, which mortgage, as a part of the assets of defendant trustee, had been foreclosed by defendant in the capacity of the duly appointed, qualified, and acting successor trustee in cause No. 877 Equity in the United States District Court in and for the Northern District of Oklahoma. The present defendant purchased said property at sheriff's sale for an amount less than the judgment and no part of the purchase price was applied on any of the back taxes hereinafter referred to.

The property was sold by defendant under an order of the judge of the last above named court, the order being dated March 29, 1940, wherein that court authorized defendant to execute and deliver to the purchaser, plaintiff herein, a trustee's special warranty deed covering said real estate. This order and deed concluded negotiations between the parties which had been commenced in 1939. According to the terms of the sale the purchase price was $7,500, of which amount $1,000 was to be paid in cash, and the balance to be paid according to the terms of three promissory notes for specific sums, maturing annually. The $1,000 was paid and the notes were executed and secured by a mortgage on the real estate.

At the time the defendant obtained title to the property, taxes for the years 1930-1935, inclusive, had been permitted to accumulate and become delinquent by the former owner. In August of 1939 defendant procured an adjustment of such taxes under the "Tax Adjustment Act" of 1937, and thereupon paid the amount of the taxes as reduced. In November of 1939 this court, in Ivester v. State, 183 Okla. 519, 83 P. 2d 193, declared the "Tax Adjustment Act" above referred to unconstitutional. Subsequently (1941) in State ex rel. Tharel et al. v. Board of Com'rs of Creek Co., 188 Okla. 184, 107 P. 2d 542, we redeclared our prior holding and indicated the necessity of changing county records to show the actual tax due when there had been a prior attempt to reduce same by the "process of an adjustment."

Under authority of the above cases the treasurer of Tulsa county placed all of said taxes for 1930 through 1935, inclusive, back on the tax rolls, which left all of said taxes and penalties on said property in the same condition as if the adjustment had not been made, less the amount defendant had paid under the invalid adjustment.

The special warranty deed which defendant obtained from plaintiff in 1940 contained the following warranty clause:

". . . and warrants the title to the same, as such trustee, to be free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, made· or suffered to be made by party of the first part; save and except oil and gas lease as shown by the records of Tulsa county, State of Oklahoma."

While this action was pending and before the trial, plaintiff paid most of the excess taxes. The total payments equaled approximately the amount due on the mortgage debt.

In this action plaintiff sought to cause the amount paid to be credited on the mortgage debt, which amount would satisfy the payment of the mortgage, if allowed, and if necessary to procure a reformation of his deed.

The refusal of the trial court to declare the mortgage debt had been wholly or partially satisfied and its refusal to reform the deed are thus presented to us for review and reconsideration. Plaintiff urges that the decision of the trial court was erroneous.

Plaintiff relied upon the limited warranty in the deed as the basis for asserting a right to credit or reimbursement for the amount of the alleged excess taxes paid by him.

The delinquent taxes involved herein accumulated from 1930 to 1935. Defendant takes the position that he is not liable under the warranty for taxes which accumulated against the property before his acquisition of title.

The defendant asserts that under the decision of the Idaho Supreme Court in Polak v. Mattson, 22 Idaho 727, 128 P. 89, and the decision of the Indiana Court of Appeals in Smith v. Eigerman, 5 Ind. App. 269, 31 N.E. 862, the limited warranty in his deed was so restricted as to excuse him from liability for taxes paid by the grantee, Whayne.

In Polak v. Mattson, supra, a limited warranty clause similar to the one now before us was presented. The Idaho court held the warranty clause was not sufficiently broad to cause the burden of paying taxes to rest on the grantor.

It decided that the word "suffered" as used in such a warranty clause was restricted in meaning and should be so treated. The word alluded only to those situations or encumbrances over which the grantor had some immediate control and authority.

The Indiana Court of Appeals, in Smith v. Eigerman, supra, was confronted with a similar question. It decided the issue upon similar principles, holding in effect that past due delinquent taxes should be paid by the grantee where the grantor was not in a position to control the situation when the taxes accumulated and became delinquent. Thus it appears that as between grantor and grantee the latter should pay any and all taxes which became a lien on the property before the acquisition thereof by the grantor.

The position of plaintiff on the above point was that, although former grants, mortgages, and other liens and encumbrances · of whatsoever nature might have been made or suffered to be made by the defendant, that this limitation could have no possible relation to the covenant against taxes, because taxes in no event could have been made or suffered to be made by the grantor; that taxes are imposed by the state; that they are not made or suffered to be made by the landowner; that the qualifying words can relate only to the kind of encumbrances that could have been made or suffered to be made by the grantor; that if this construction is correct, then the qualifying phrase does not limit the covenant against taxes, and defendant is bound thereby.

It was the further contention of the plaintiff that even if this so-called inept and inappropriate language could by any stretch of the imagination be deemed to qualify or limit the covenant against taxes, that then, in this particular case, the balance of the taxes for the years 1930 to 1935 constituted an encumbrance that was suffered to be made by the defendant. That the defendant himself was the one who made the purported adjustment of the taxes; that it was defendant who paid a por-

tion of his tax bill and attempted to escape liability for the balance under the unconstitutional provisions of Session Laws, 1937, art. 14, ch. 66.

We are of the opinion that the case of Polak v. Mattson, supra, is decisive of the above contentions.

Our attention has been directed to 68 O.S. 1941 § 15.5, formerly 68 Okla. St. Ann. § 211, which provides a day certain on which taxes against property become a lien. That section of the statute is not important in this case since the warranty clause in the deed represented an agreement between grantor and grantee as to who should pay the accumulated taxes.

We are of the further opinion that plaintiff was not entitled to a reformation of the deed. The defendant executed the deed under authority of the order of the District Court of the United States for the Northern District of Oklahoma. He could not convey a greater right than he was authorized to convey under the order. He conveyed no more than the order authorized him to convey. The proper forum for relief in the form of a reformation of the deed is the last above-named court.

The action of the trial court in sustaining a demurrer to plaintiff's evidence was proper and is affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, WELCH, CORN, and ARNOLD, JJ., concur.