[S. F. No. 6086.—In Bank.—March 21, 1912.]

# E. J. BOUST et al., Petitioners, v. SUPERIOR COURT OF THE COUNTY OF KERN, Respondent.

[S. F. No. 6087. In Bank.—March 21, 1912.]

# E. J. BOUST et al., Petitioners, v. SUPERIOR COURT OF THE COUNTY OF KERN, Respondent.

JUDGMENT—DUTY OF COURT TO CORRECT CLERICAL MISPRISION—OMISSION OF NAMES OF DEFENDANTS—MANDAMUS TO COMPEL AMENDMENT.—Where a judgment as first entered in an action of forcible entry and detainer fails, as the result of a clerical misprision, to name the defendants against whom it was rendered, it is the duty of the trial court to amend it in conformity with the facts, so that it will properly designate such defendants. The amendment may be made either before or after an appeal from the judgment has been finally determined, and if the trial court refuses to make the correction, *mandamus* will lie to enforce it.

ID.—EFFECT OF GENERAL JUDGMENT ON PLEADINGS—DEFENDANTS WITHOUT COUNSEL.—A general judgment on the pleadings operates against all the defendants before the court, including those who at the time it was ordered were unrepresented by counsel.

ID.—FAILURE TO OVERRULE DEMURRER—APPEAL BY DEMURRANTS FROM JUDGMENT—CONSENT TO DISMISSAL OF APPEAL.—A defendant, whose demurrer to the complaint had never been determined, and who had appealed from the judgment on the pleadings and afterwards consented to a dismissal of the appeal, cannot be heard to complain of the insertion of his name in the corrected entry of the judgment.

ID.—JUDGMENT DULY MADE IN OPEN COURT—COLLATERAL ATTACK.—Where the judgment as entered recites that the things therein contained were "ordered, adjudged and decreed," it shows upon its face that it was duly made, and in a proceeding in *mandamus* to compel its amendment by the insertion of the names of the proper defendants, it cannot be collaterally attacked by showing that it was not made in open court.

APPLICATIONS for Writs of Mandamus directed to the Superior Court of Kern County. Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

Jas. W. Bell, and Bell & Ingalls, for Petitioners.

W. E. So Relle, and C. L. Claflin, for Respondent.

MELVIN, J.—These are two petitions for writs of *mandamus* in cases so similar that we need discuss only one of them, applying our reasoning to both. In case "S. F. No. 6087" there is an application for mandate to be directed to the superior court of Kern County for the insertion *nunc pro tunc* as of September 28, 1911, in the caption and in the body of a certain judgment of the names of a number of defendants, and commanding that an *alias* writ of restitution issue in accordance with such amended judgment.

The action in which the above mentioned judgment was issued was one in forcible entry and detainer. A demurrer in the names of all of the defendants was filed and after its amendment was overruled. Subsequently P. Katz and Julia Miller, who had been served with summons under fictitious names, filed a demurrer signed by one of the attorneys who had theretofore appeared for the defendants. This demurrer was never formally heard by the court. The defendants answered, entitling their pleading "E. J. Boust et al., *vs.* W. E. So Relle, C. A. Stubblefield, et al.," and later, without leave of court, left with the clerk a so-called amended answer. They then sought the court's permission regularly to file this amended pleading, but their motion in that behalf was never finally disposed of. After the overruling of the amended demurrer, the attorneys who had appeared at the argument thereof withdrew, under the court's permission, from the representation of several defendants. The plaintiffs in the action (petitioners here) moved for a judgment on the pleadings, and after a hearing of their motion the court granted it. The judgment which followed was entitled in the abbreviated form, referring to defendants as "C. A. Stubblefield et al." In the body of the judgment as entered the defendants were not designated by their names. From this judgment an appeal was taken. The notice of appeal named a number of defendants, including four of those whom the attorneys had theretofore declared that they had ceased to represent. In the body of the document was a recital that "the defendants in the above entitled action" and also certain

defendants who had been served with summons under fictitious names (including Miller and Katz whose demurrer remained undecided) appealed from the judgment. This appeal was dismissed by written consent of an attorney of record for defendants on November 20, 1911. On November 27, 1911, these petitioners made a motion in the superior court of Kern County, that the judgment as entered should be amended by inserting the names of the defendants against whom, in truth and in fact, the judgment was ordered, and that said names should be placed in the record *nunc pro tunc* as of September 28, 1911, the date of the granting of the motion for judgment on the pleadings. This motion was denied. The clerk of the court refused to issue a writ of restitution except in a form following the judgment as entered. Such writ was issued.

Petitioners contend that the failure to insert the names of the defendants in full in the judgment was a clerical misprision which the court was bound to correct upon proper application. It was held many years ago by this court that where a judgment as first entered failed to name the defendants who were personally liable for a debt, but the record did show who they were, the court might at any time amend the judgment in such manner that it should properly designate such defendants. (*Leviston* v. *Swan,* 33 Cal. 484.) We know of no departure from the principle of that decision. Indeed this court has always displayed the utmost liberality in permitting such amendments in the furtherance of justice, and will of course require them to be made for like purpose when the superior court has refused to perform a plain duty. The power of the court to correct an entry of judgment so that it may accurately express the judgment declared by the court may be exercised either before or after an appeal has been finally determined, provided, of course, that the amendment does not affect substantial rights of the defendant, but consists in the rectifying of a clerical mistake appearing on the face of the record. (*City and County of San Francisco* v. *Brown,* 153 Cal. 651, [96 Pac. 281] ; *Fallon* v. *Brittan,* 84 Cal. 514, [24 Pac. 381] ; *Fay* v. *Stubenrauch,* 141 Cal. 575, [75 Pac. 174] ; *Bolling & Son* v. *Speller,* 96 Ala. 271, [11 So. 300].) That the court below should be required by *mandamus* to correct the entry of judgment so that it may conform

with the facts admits of little doubt. The only question re-
maining is whether or not such correction should include all of
the names of original defendants that are proposed by peti-
tioners.

The attorneys for respondent contend that, in any event,
the judgment should not include the names of Katz and Miller,
whose demurrer was never decided, and those of the parties
whom they had ceased to represent at the proceedings in the
lower court. The obvious answer to this is that all of these
parties were before the court, no matter who represented
them, and the general judgment operated against all of them.
The entry of judgment against the two demurrants before de-
cision of the demurrer could in no event be more than mere
error, and as they were parties to the appeal which was dis-
missed by their consent, they cannot be heard to complain be-
cause the corrected entry of judgment shall contain their
names. If the unrepresented defendants were improperly
included in the judgment by reason of lack of notice or other
cause, that was error which might have been corrected on
appeal, or perhaps set right by appropriate proceeding in
equity. They were before the court and the judgment general
in its terms applied to them. The judgment should be cor-
rected by inserting in the caption and the body thereof the
names of those defendants who appeared by demurrer as
shown in the record before us. The judgment, as we have
said, was sufficiently general in its terms to include all of these
parties. Indeed, all but three or four of them formally ap-
pealed from it and through their attorney consented to the
dismissal of the appeal.

Respondent complains that the proposed form of the new
entry of judgment which in the petition we are asked to adopt,
differs in phraseology from the original, and that it contains
names not warranted by the record. We find no material
variation in the language between this and the original entry,
and the names that the petitioners ask to have inserted are
those of parties who formally appeared at some stage of the
case prior to the entry of judgment. We do not think that
the proposed form is essentially different from one that the
court might draft of its own motion upon inspection of the
records. *Gay* v. *Torrance*, 145 Cal. 153, [78 Pac. 540], cited
in behalf of respondent, is not at all in point. In that case

the writ was refused because part of the relief desired was the adoption of an offered bill of exceptions containing some relevant affidavits and others which were wholly improper.

There is no force in the argument that because, according to the answer, the judgment was not made in open court, it cannot now be corrected. The judgment as entered recites that certain things were "ordered, adjudged and decreed"— words appropriate to a judgment duly given by proper authority at the proper place. Upon its face it was duly made, and it cannot now be successfully attacked collaterally. In *Norwood* v. *Kenfield,* 34 Cal. 331, and *Carpenter* v. *Nutter,* 127 Cal. 64, [59 Pac. 301], cited by respondent, the matter of the proper place of transacting judicial business was directly involved in the appeals. Those cases are, therefore, not authority for respondent's position here.

A number of other arguments are made by respondent which might have been available by the defendants in the discussion of their case on appeal, but these have no place in this proceeding.

Our attention is called to an alleged discrepancy between the area of land mentioned in one of the complaints and that set forth in the judgment in said case; but this matter is not in issue as it appears neither in the petition for the writ nor the answer thereto.

What has been said in this opinion applies also to case "S. F. No. 6086."

Let the writs issue as prayed.

Lorigan, J., Angellotti, J., Henshaw, J., and Shaw, J., concurred.