CHARLES E. LAWTON, Plaintiff and Appellant, *v.* VICENTE RODRÍGUEZ RIVERA, Defendant and Appellee.

No. 4213.   Argued July 7, 1930.—Decided July 24, 1930.

*F. Soto Gras* for appellant.   *J. Henri Brown, C. Ruiz Nazario,* and *G. E. González* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In deciding this case on appeal from the District Court of San Juan, this court rendered on April 23, 1928, the following judgment:

"Having examined the record and considered the briefs and argument of counsel for the parties, for the reasons stated in the fore-

going opinion the judgment appealed from rendered by the District Court of San Juan on February 1, 1927, is hereby reversed and the case is remanded to said District Court with directions to enter judgment against Rafael Carrión Pacheco as successor in interest of defendant Vicente Rodríguez Rivera, adjudging him in contempt of court, imposing upon him whatever punishment is deemed just, and ordering the issuance of a writ directing Carrión to destroy the house built on lot No. 4 or 'Carrión's Court' within a reasonable time to be fixed, with any other proper pronouncement and sentencing Carrión to pay the costs. Let this be notified.''

Rafael Carrión, through his attorney, moved for a reconsideration of the judgment, and the Court, on May 31, 1928, entered the following decision:

''The motion filed by Rafael Carrión praying that the judgment rendered by this court on April 23, 1928, be reconsidered and set aside is hereby denied insofar as it touches the conclusions reached by this court regarding the petition for a peremptory writ of injunction in execution of the judgment previously rendered in this suit. As regards the question of contempt of court and whether this court should render the judgment that the district court should have rendered, the judgment of April 23, 1928, is hereby reconsidered, and a new hearing on that point is set for June 11, 1928 at 2 o'clock p. m.''

The new hearing granted having been had, the Court rendered the following judgment on July 26, 1928:

''The judgment rendered by this court on the 23rd of last April having been reconsidered and having examined the case again, for the reasons stated in the opinion rendered on April 23, 1928, as well the foregoing opinion, the Court refrains from interfering in the matter of contempt of court and reverses the judgment appealed from insofar as it denied the writ of injunction prayed for and in its stead, rendering the decision which should have been entered by the district court, directs the clerk of the district court to issue a peremptory writ of injunction in ordinary form in execution of the judgment rendered in the injunction proceeding brought before the District Court of San Juan by Charles E. Lawton against Vicente Rodríguez Rivera directed to Rafael Carrión, ordering him to destroy within ninety days from the date in which this judgment is received in the district court, the house built on lot No. 4 of 'Carrión's Court' purchased by Carrión from the defendant Rodríguez

on February 9, 1925, as per contract subsequently embodied in a public instrument executed on October 30, 1926. Let this be notified.''

The foregoing judgment was based on an opinion which concludes thus (38 P.R.R. 34, 52):

''Given the nature of this case, we thought that the rule followed was the best. The question of contempt having been eliminated, the provision of the law will be followed and we shall make the order which the district court should have entered, fixing a period of 90 days from the date on which the judgment of this court is received in the district court for the destruction of the house built in violation of the judgment, imposing the costs on Carrión.''

Carrión appealed to the United States Circuit Court of Appeals, which affirmed the judgment of this court.

In filing his memorandum of costs in the district court the prevailing party acted on the assumption that costs had been awarded in his favor, and in the course of the proceedings he noticed that the judgment of July 26, 1928, did not include a special pronouncement of costs.

Thereupon he filed a motion in this court requesting the correction of the omission and that the judgment be amended to conform to the opinion on which it is based. The adverse party objected and alleged that this court lacks jurisdiction to alter or amend its judgment after the expiration of the term in which it was rendered and after the same had been appealed to the Circuit Court and by that court affirmed in the same terms in which it had been rendered and entered by this court, and because any alteration now of the judgment including costs and attorney's fees would deprive him of his right to have that pronouncement reviewed on appeal by the Circuit Court.

Both parties were fully heard. The plaintiff in addition filed a memorandum in support of his contention.

To our mind there is no doubt that the intention of this court was to impose the costs on Carrión. It was expressly

so ordered in the judgment of April 23, 1928, which conforms in every respect to the opinion that serves as its basis.

That judgment was reconsidered only in regard to the contempt and as to whether this court should render the judgment that should have been rendered by the district court. It was expressly allowed to stand in regard to the issuance of the injunction, but nothing was said specifically as to the pronouncement of costs.

After hearing the parties on the above points, the Court by a unanimous opinion ordered the entry of the judgment that should have been rendered by the district court and "imposing the costs on Carrión"; but in entering the said judgment the pronouncement of costs was omitted.

No one noticed it. An appeal was taken and the judgment was affirmed.

Can we now amend the judgment so as to make it conform to the opinion on which it was based and to express the real decision of the Court?

We have entertained some doubts as to our authority. However, the jurisprudence quoted below and the clearness of the facts as the same appear from the record lead us to decide in favor of the existence of this power and of its exercise for the purpose of re-establishing the truth.

The jurisprudence above referred to is as follows:

"The power of the court to correct an entry of judgment so that it may accurately express the judgment declared by the court may be exercised either before or after an appeal has been finally determined, provided, of course, that the amendment does not affect substantial rights of the defendant, but consists in the rectifying of a clerical mistake appearing on the face of the record." *Boust* v. *Superior Court,* 162 Cal. 343, 345.

"With regard to the power of amendment, a distinction is drawn between the acts of the court and the acts of its clerk, and although such power does not extend to the correction of errors of the court in pronouncing judgment, yet if a court pronounces judgment from the bench, and all that remains to be done is the clerical duty of reducing the judgment to writing or entering it, or both, the ju-

dicial act is complete, and if a mistake is made in the entry so that the judgment as entered does not accord with the judgment ordered, such mistake may be corrected at a subsequent term of court, even when no amendment may be made in the judgment itself after the expiration of the term of court at which it was entered. The theory of this rule is that the action of a court cannot be falsified by the failure of a mere ministerial officer to perform his duty, and a party has a right to have the record show what the court did in his case. Hence, although a court is without power generally to alter or amend final judgments after the close of the term at which they were rendered, it may after the expiration of the term of court make amendments of the record of judgments so as to correct clerical errors, mistakes, or misprisions of clerks, or other officer of the court, inadvertencies of counsel, or to supply defects or omissions in the record. This power of a court to correct clerical mistakes in the records of its judgments prevails, even if both the clerk making the mistakes and the court correcting them are one and the same person. The power to correct mistakes by amendment of judgments is, however, one to be exercised with great care and caution, and only upon clear and satisfactory proof, because, when entries are made in the course of the business of the court, they are presumed to have been made upon careful consideration, and to be correct.'' 15 R.C.L. 679, section 130.

''In the exercise of the power to correct mistakes the courts have approved of amendments of the records of judgments being made as late as three years, or even twelve years after the entry of the judgment, but it has been held that a mere fragment of writing found among the papers of a cause after a lapse of fifteen years cannot be established by parol proof as a final judgment or decree of the court. In a proper case leave to amend a judgment may be granted, even after sale under the execution based on such judgment, especially where the justice of the case requires such amendment. Within the limits of time allowed by law a judgment may, pending an appeal therefrom, be amended in the court which pronounced it, if the circumstances are such as to warrant the amendment, if no appeal had been taken. In such a case an appellant cannot insist on having clerical errors in the judgment corrected by the appellate rather than by the trial court, although the correction by the trial court deprives him of his ground for appeal.

''A judgment may be amended nunc pro tunc after lapse of the term, when the record discloses that the judgment, as amended, would have been entered in the first place but for the inadvertence of the

court, or the error or omission of the clerk. Amendments nunc pro tunc as a rule are allowed only where an order or judgment may be corrected by something in the record, and as in the case of the ordinary amendment of judgments, the power of the court to amend judgments nunc pro tunc does not extend to modifying the substantive judgment previously determined upon and intended to be entered. For example if the record of a court fails to show that it has acquired jurisdiction of the person of the defendant the court cannot, at a subsequent term, inquire into its jurisdiction over the defendant, and by a nunc pro tunc order cause the record to state that the inquiry was made at the term when final judgment was rendered. On the other hand a judgment may be amended nunc pro tunc at a subsequent term, so as to show that a nonsuit was set aside on payment of costs, where the trial docket shows an entry in the handwriting of the presiding judge that 'plaintiff takes a nonsuit, which is set aside on payment of costs.' An amendment nunc pro tunc of a judgment upon which no execution has issued within a year and a day is proper, but scire facias will still be necessary to entitle the plaintiff to execution. Where a court amends its records nunc pro tunc, the clerk should alter the record itself so as to conform to the amendment." 15 R.C.L. 681–682, sections 132 and 133.

It is true that the said judgment was appealed; but it is also true that it was affirmed and that it is now such as was rendered by this court, strengthened besides by the opinion of the appellate court. That court had before it not only the judgment in question, but also the opinion on which it was based.

As to the contention that Carrión did not include the question of costs among the errors assigned and has thus been deprived of the right to discuss the pronouncement. on appeal, that is an argument predicated on an apparent rather than a real injustice if an examination is made of the terms of the opinion rendered by the Circuit Court in affirming the judgment of this court. We think, however, that the way should be left open for him to exercise any right that he may have by reason of the amendment. It must not be forgotten that the appellant had obtained a favorable judgment, with

costs, and that it was at the instance of Carrión that the Court intervened and partly reconsidered that judgment.

Therefore, the judgment must be amended by the addition of the omitted words which appear in the opinion, to wit: "imposing the costs on Carrión", without prejudice to any right that he may have by virtue of this correction.