[Civ. No. 9745. First Appellate District, Division One.—June 26, 1935.]

EDMOND MIRABITO, a Minor, etc., Respondent, v. SAN FRANCISCO DAIRY COMPANY (a Corporation) et al., Defendants; DAIRY DELIVERY COMPANY, INC. (a Corporation), Appellant.

Pillsbury, Madison & Sutro for Appellant.

Sol Silverman and George Olshausen for Respondent.

THE COURT.—Appeal by Dairy Delivery Company, Inc., upon a bill of exceptions from an order of the Superior Court of the State of California, in and for the City and County of San Francisco, refusing to set aside its order of September 29, 1934, whereby Dairy Delivery Company, Inc., was added to the judgment in the above-entitled matter after the same had become final upon appeal, and the judgment of the Supreme Court affirming the same had been made and entered.

On June 18, 1931, respondent herein commenced an action against defendants "San Francisco Dairy Company, a corpo-

ration, Ray Vogel, John Paille, First Doe, Second Doe and Third Doe" for personal injuries sustained by reason of the alleged negligence of defendants Ray Vogel and John Paille. The alleged liability of San Francisco Dairy Company, a California corporation, is based upon the doctrine of *respondeat superior* for the alleged negligence of defendant Vogel. The first amended complaint charges negligence in the following language: " . . . that at the said time [October 6, 1930] the defendant Ray Vogel, while employed by the defendant and San Francisco Dairy Company and acting within the scope of his employment, and the defendant John Paille so carelessly and negligently drove, operated, managed and controlled their respective automobiles . . . thereby inflicting on the plaintiff great bodily injury . . . " Thereafter, on July 14, 1931, defendants San Francisco Dairy Company and Ray Vogel filed their joint answer denying that defendant Vogel was employed by San Francisco Dairy Company and denying that at the time of the accident he was acting in the course and scope of any employment by San Francisco Dairy Company. Defendant Vogel's negligence was likewise denied. Thereafter the cause came on regularly for trial before a jury, during which trial evidence was offered to the effect that Vogel was employed by Dairy Delivery Company, Inc., and not by San Francisco Dairy Company. On May 13, 1932, the jury returned its verdict against defendants Vogel and San Francisco Dairy Company and in favor of defendant John Paille. On the same day judgment was entered against said defendants. Dairy Delivery Company, Inc., was not mentioned in the verdict and no judgment was entered against it. Defendant San Francisco Dairy Company appealed from the judgment, upon the ground, among others, that the evidence was insufficient to support the judgment that it employed Vogel, and on July 31, 1934, the Supreme Court affirmed the judgment against defendants San Francisco Dairy Company and Vogel. (*Mirabito* v. *San Francisco Dairy Co.,* 1 Cal. (2d) 400 [35 Pac. (2d) 513].) Thereafter on September 29, 1934, after due notice thereof, respondent moved the trial court for an order adding to the judgment herein following the words "San Francisco Dairy Company, a corporation," the words "Dairy Delivery Company, Inc., a corporation", which motion was granted and was thereafter

entered on October 1, 1934. On October 4, 1934, Dairy Delivery Company, Inc., appearing herein specially and for the first time, gave notice it would move the superior court for an order setting aside its order of September 29th. On October 5, 1934, the superior court made its order denying said motion, from which order Dairy Delivery Company, Inc., prosecutes this appeal.

It appears without contradiction that San Francisco Dairy Company is a California corporation. In July, 1927, said corporation conveyed all of its assets and property to Dairy Dale Company, a corporation, which in turn, for a consideration, in May, 1929, conveyed all of the said assets and property to Dairy Delivery Company, Inc., a Delaware corporation. The purpose of adding the name of Dairy Delivery Company, Inc., to the judgment herein was to enable respondent to collect his judgment as there are no assets of San Francisco Dairy Company.

Appellant herein contends that the order of September 29, 1934, whereby the words "Dairy Delivery Company, Inc., a corporation" were added to the judgment, is in excess of the superior court's jurisdiction; that it is void for want of jurisdiction of said court over the appellant herein; that said order and the refusal of the superior court to set the same aside was a denial of due process of law to appellant and violative of the Fourteenth Amendment to the Constitution of the United States; and that the addition of the words "Dairy Delivery Company, Inc., a corporation" to the judgment is not in conformity with the verdict nor supported by the pleadings or issues. Respondent, on the other hand, contends that by virtue of the inherent authority of a court to make its records speak the truth, the superior court had jurisdiction to amend the judgment because the evidence herein clearly showed, and the Supreme Court found, that "appellant San Francisco Dairy Company was merely the *alter ego* of the Dairy Delivery Company"; hence that the amendment did not add a new defendant to the judgment, but merely set forth the correct name of the real defendant.

That a court may at any time amend its judgment so that the latter will properly designate the real defendants is not open to question. (*Leviston* v. *Swan*, 33 Cal. 480, 484; *Boust* v. *Superior Court*, 162 Cal. 343, 345 [122 Pac. 956];

*City and County of San Francisco* v. *Brown,* 153 Cal. 644
[96 Pac. 281].)

As pointed out in the Supreme Court decision, *supra,* the
evidence discloses that both the San Francisco Dairy Com-
pany and Dairy Delivery Company, Inc., have the same presi-
dent, vice-president and secretary, and occupy the same
offices in San Francisco; that the San Francisco Dairy Com-
pany is a nonoperating corporation, and that the president
of the corporations testified that the San Francisco Dairy
Company was a part and subsidiary of the Dairy Delivery
Company; that the name of the San Francisco Dairy Company
was used as a business name, and the corporation kept as is for
that purpose, recognition of the name of the San Francisco
Dairy Company; and that he did not deny having made the
statement, "all these companies were one". It further ap-
pears that one of the trucks involved in the accident in ques-
tion bore signs on both sides thereof with the name "San
Francisco Dairy Company" thereon, and was kept with many
other trucks bearing similar signs at the place where both
corporations maintained their offices. The truck was regis-
tered in the name of Dairy Delivery Company. At this place
the names "San Francisco Dairy Company" and "Riverdale
Dairy Company" appeared at the entrance. From the fore-
going, and "upon all the testimony taken together" the Su-
preme Court determined "the only logical conclusion to be
drawn was that appellant San Francisco Dairy Company was
merely the *alter ego* of the Dairy Delivery Company".
(*Mirabito* v. *San Francisco Dairy Co., supra,* p. 406.) It hav-
ing been heretofore determined, in so far at least as liability
for respondent's injury is concerned, that the San Francisco
Dairy Company and Dairy Delivery Company are one and
the same, can appellant justly complain of the order amending
the judgment?

It clearly appears that appellant Dairy Delivery Company,
Inc., was fully aware of all the proceedings herein, as well as
of all the facts and circumstances surrounding the accident
itself. Its secretary, as the secretary of San Francisco Dairy
Company, was regularly served with copy of the complaint
and summons. Thereafter he fully verified the joint answer
of San Francisco Dairy Company and Vogel. In this answer
the contributory negligence of respondent was alleged as an
affirmative defense. Subsequently the answer was amended

by striking therefrom this defense. However, the verification of the answer, coupled with the earnest contention of Dairy Delivery Company, Inc., that Vogel was the employee of it and not of San Francisco Dairy Company, convinces that appellant herein had complete knowledge of all of the details of the accident. (*Smith* v. *Pickwick Stages System,* 113 Cal. App. 118, 124 [297 Pac. 940].) In addition it appears without contradiction that in litigating the action the balance of the assets of San Francisco Dairy Company, to the extent of about five hundred dollars, was expended for costs and attorneys' fees and that appellant Dairy Delivery Company, Inc., thereupon assumed and discharged the balance due for such costs and fees. Also, the attorneys for one corporation were the attorneys for the other and have at all times acted herein—as was their right—with the view of protecting appellant Dairy Delivery Company, Inc., upon the basis of the separate identity of the two corporations.

█ Separate corporate identity, however, is not always available as a defense. Where there is such a unity of interest and ownership that the separateness of the corporations has ceased and the facts are such that an adherence to the fiction of separate existence of the corporation would under the particular circumstances sanction a fraud or promote an injustice, separate identity will be disregarded. (*Minifie* v. *Rowley,* 187 Cal. 481, 487 [202 Pac. 673].) █ Thus it has been held that where a corporation was but the instrumentality through which an individual for convenience transacted his business, all of the authorities, not only equity but the law itself, would hold such a corporation bound as the owner of the corporation might be bound, or conversely, hold the owner bound by acts which bound his corporation. (*Llewellyn Iron Works* v. *Abbott Kinney Co.,* 172 Cal. 210, 214 [155 Pac. 986] ; *Industrial Research Corp.* v. *General Motors Corp.,* 29 Fed. (2d) 623, 625.) In the case of *Clark* v. *Millsap,* 197 Cal. 765, 782 [242 Pac. 918], the court states: "The doctrine of corporate entity is not so sacred that a court of equity will hesitate to look through form to the substance of the thing and it may in proper cases ignore it to preserve the rights of persons imposed upon or circumvented by fraud. In such cases corporate fiction is disregarded." That this rule is not limited to equity is clearly stated in

*Llewellyn Iron Works* v. *Abbott Kinney Co., supra,* and the cases there cited. ■ The rule has long been declared in California that where the facts warrant, courts may amend pleadings to correctly designate the parties actually involved, even though the statute of limitations has run in favor of the party substituted. (*Thompson* v. *Southern Pacific Co.,* 180 Cal. 730 [183 Pac. 153]; *Smith* v. *Pickwick Stages System, supra; Walsh* v. *Decoto,* 49 Cal. App. 737, 740 [194 Pac. 298].) The basis of the rule is, of course, that the court having acquired jurisdiction of the person of the defendant and of the subject of the action, it necessarily possessed the power to correct a misnomer. In the cases last mentioned, it is true, no judgment had been rendered at the time of the amendment. ■ Where, however, as here, the Supreme Court has stated the evidence is sufficient to warrant the conclusion that in effect the two corporations are identical; where, as here, the action was fully and fairly tried with at least the direct financial assistance of appellant; and where, as here, nothing appears in the record to show that Dairy Delivery Company could have produced a scintilla of evidence that would have in any way affected the results of the trial, there is no basis for a different rule. The trial court having acquired jurisdiction of San Francisco Dairy Company must likewise be held to have acquired jurisdiction of its *alter ego,* the appellant herein. To hold otherwise upon the facts herein would be to deny respondent the fruits of fairly contested litigation, place a premium upon acts and conduct which have misled a litigant, and frustrate the very purpose of our jurisprudence.

The Supreme Court having heretofore declared San Francisco Dairy Company to be merely the *alter ego* of appellant, the cases of *Burlingame* v. *Justice's Court,* 1 Cal. (2d) 71 [33 Pac. (2d) 669], *Chapman* v. *Western Irr. Co.,* 75 Kan. 765 [90 Pac. 284], and *Walters* v. *Dock Commission of City of Portland,* 126 Or. 487 [245 Pac. 1117, 266 Pac. 634, 270 Pac. 778], upon which appellant relies, may be readily distinguished from the instant case, and the principles therein declared are not applicable herein.

■ In answer to appellant's contention that the order amending the judgment has denied it the right to move for a transfer of the action to the federal court, it need only

be pointed out that appellant's failure to make a timely motion for that purpose must be deemed a waiver of its right thereto.

The order appealed from is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 26, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 22, 1935.