WOODWARD AND LOTHROP,
a corporation, Appellant,

v.

Katherine HOWARD, Appellee.

No. 2861.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 30, 1961.

Decided Dec. 7, 1961.

Morton Liftin, Washington, D. C., for appellant.

Thomas B. Scott, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

---

Cornelius H. Doherty, Washington, D. C., for appellant.

No appearance for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

HOOD, Associate Judge.

Woodward and Lothrop, appellant here, sued Katherine Howard and obtained judgment against her in 1958. Efforts to collect the judgment were unsuccessful and in 1961 appellant filed a motion entitled, "Motion to add additional name of defendant." This motion sought leave of court "to permit the name of the defendant, Katherine Howard, to be also known as Katherine G. Tucker," for the reason that "the defendant Katherine Howard, is presently known as Katherine G. Tucker." Service of the motion was made upon Katherine Howard, and according to appellant's brief (although this is not shown by the record) she appeared in court. The motion was denied and this appeal followed.

Nothing of record indicates the reason for the denial of the motion, but appellant states in its brief that the trial court in sub-

stance ruled that the motion was an attempt to amend the judgment and that the court was without power to grant it because of Municipal Court Civil Rule 59(g), which provides: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

Appellant contends that a change of the court records to reflect the true name and identity of the defendant does not constitute an alteration or amendment of the judgment within the meaning of the quoted rule. For reasons hereafter stated, we agree.

The Municipal Court rule is identical with Federal Rule of Civil Procedure 59(e), 28 U.S.C.A. For a discussion of the rule see Moore, Federal Practice, § 59.12 (2d ed. 1960). We have found no case under the federal rules dealing with the precise question before us, but our examination of the authorities convinces us that the rule is confined to motions which would effect a material change in the judgment: for example, motions to set aside a dismissal without prejudice and enter a dismissal with prejudice,[1] to change an unconditional order to a conditional order,[2] to add the allowance of interest on the judgment,[3] or to set aside a judgment and enter a contrary judgment.[4]

The motion in the instant case sought no material change in the judgment. It did not seek to modify or enlarge the amount of the judgment, did not seek substitution of a party or addition of a new party, and sought to correct no error or mistake. Its sole purpose was to clarify the name of the defendant. Defendant was given adequate notice of the proposed clarification and opportunity to be heard. The grant of the motion would have worked no change in her liability. On the other hand, denial of this and similar motions could encourage judgment debtors to assume new names after the ten-day period specified in

---

1. Boaz v. Mutual Life Ins. Co. of New York, 8 Cir., 146 F.2d 321.

2. Lyman v. Remington Rand, 2 Cir., 188 F. 2d 306.

3. Gray v. Dukedom Bank, 6 Cir., 216 F.2d 108.

4. Steward v. Atlantic Refining Co., 3 Cir., 235 F.2d 570.

the rule, thereby placing a premium on a litigant's ability to conceal his real identity.[5] The order is reversed with instructions to grant the motion if satisfactory proof of its allegations is produced.

Reversed with instructions.

5. See Thomson v. L. C. Roney & Co., 112 Cal.App.2d 420, 246 P.2d 1017.